Case 7:20-cv-06807-VB   Document 6   Filed 08/25/20   Page 1 of 6



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL J. MONROE,

                Plaintiff,

-against-

ROCKLAND COUNTY CORRECTIONAL FACILITY; ROCKLAND COUNTY CORRECTIONAL MEDICAL DEPARTMENT; HSA NURSE ADMINISTRATOR JOULIANA,

                Defendants.

---

7:20-CV-6807 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, currently held in the Rockland County Correctional Facility, brings this *pro se* action in which he seeks damages and injunctive relief. He sues: (1) the Rockland County Correctional Facility ("RCCF"), (2) the RCCF's Medical Department, and (3) "HSA Nurse Administrator Jouliana." The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. By order dated August 24, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

    For the reasons discussed below, the Court dismisses Plaintiff's claims against the RCCF and the RCCF's Medical Department, and directs the Clerk of Court to add the County of Rockland, Lieutenant John Bryon, and Captain J.C. Jiska as defendants. The Court directs service on the County of Rockland, Byron, Jiska, and Jouliana.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

A.   **The RCCF, the RCCF's Medical Department, Byron, and Jiska**

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). In addition, a jail and a correctional facility's medical department are not proper defendants for claims under § 1983. *See, e.g., Paloma v. N.Y.C. Dep't of Corrs.*, 1:20-CV-0638, 2020 WL 1330762, at *1 (S.D.N.Y. Mar. 23, 2020) (a jail is not a person for the purpose of § 1983 liability); *Rose v. Connecticut, Dep't of Corrs. Osborn Med. Dep't*, No. 3:16-CV-1389, 2017 WL 1197673, at *3 (D. Conn. Mar. 30, 2017) (a correctional facility's medical department is not a person for the purpose of § 1983 liability).

Under Rule 21, courts have substituted as defendants municipalities for their agencies. *See, e.g., Andradez v. Orange Cnty. Sheriff's Office*, No. 7:20-CV-2050, 2020 WL 3618410, at *2-3 (S.D.N.Y. July 1, 2020) (dismissing the plaintiff's claims against the Orange County Sheriff's Office and the Orange County Jail, and substituting them with Orange County). Also, under Rule 21, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21,

2

2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff sues the RCCF and the RCCF's Medical Department, which are not proper defendants for claims under § 1983, and are arms of the County of Rockland. And Lieutenant John Byron and Captain J.C. Jiska, though not named as defendants, are alleged in the complaint to have been involved in the underlying events. (ECF 2, at 12, 14-15.) The Court therefore dismisses Plaintiff's claims against the RCCF and the RCCF's Medical Department, and adds the County of Rockland, Byron, and Jiska as defendants to this action. *See* Fed. R. Civ. P. 21. This amendment of the action's caption is without prejudice to any defenses the County of Rockland, Byron, or Jiska may wish to assert.

**B.     Service on the County of Rockland, Byron, Jiska, and Jouliana**

As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the County of Rockland, Byron, Jiska, and Jouliana until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve the County of Rockland, Byron, Jiska, and Jouliana until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on the County of Rockland, Byron, Jiska, and Jouliana within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

3

that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the County of Rockland, Byron, Jiska, and Jouliana through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for the County of Rockland, Byron, Jiska, and Jouliana, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Rockland County Correctional Facility and the "Rockland County Correctional Medical Department," and directs the Clerk of Court to add the County of Rockland, Lieutenant John Byron, and Captain J.C. Jiska as defendants in this action. *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to (1) issue summonses for the County of Rockland, Byron, Jiska, and Jouliana, (2) complete USM-285 forms with the service addresses for the County of Rockland, Byron, Jiska, and Jouliana, and (3) deliver all documents necessary to effect service on the County of Rockland, Byron, Jiska, and Jouliana to the U.S. Marshals Service.

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 25, 2020
        White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. HSA Nurse Administrator Jouliana
   Rockland County Correctional Facility
   51 New Hempstead Road
   New City, New York 10956

2. Lieutenant John Byron
   Rockland County Correctional Facility
   51 New Hempstead Road
   New City, New York 10956

3. Captain J.C. Jiska
   Rockland County Correctional Facility
   51 New Hempstead Road
   New City, New York 10956

4. County of Rockland
   Law Department
   11 New Hempstead Road
   New City, New York 10956